IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATURE'S ONE, INC., | : | |
| | : | Case No. 2:15-CV-02820 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| SPRING HILL JERSEY CHEESE, INC., | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

Plaintiff Nature's One, Inc. has moved to reconsider the Magistrate Judge's July 7, 2016 Order (Doc. 33) granting Defendant/Third-Party Plaintiff Spring Hill Jersey Cheese Inc.'s Motion to Amend/Correct Third Party Complaint. (Doc. 35.) The motion is **DENIED**.

### I.     BACKGROUND

On September 10, 2015, Plaintiff commenced this action for breach of contract, breach of express and implied warranty, breach of warranty of merchantability, and breach of warranty of fitness for a particular purpose. (Doc. 1.) Defendant filed a Third Party Complaint against Triple T Dairy Commodities, Inc. and John Doe Numbers 1-5 on December 30, 2015. (Doc. 12.)

On July 6, 2016, Defendant/Third-Party Plaintiff filed a motion for leave to amend the Third Party Complaint to add additional Defendants, previously unknown, that it had identified during discovery. (Doc. 32 at 1.) On July 7, 2016, the Magistrate Judge granted the motion under Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave when justice so requires." Plaintiff filed a motion for reconsideration of the Court's order, which Defendant/Third-Party Plaintiff opposes. (Docs. 35, 36.)

1

## II.   STANDARD OF REVIEW

The Court construes Plaintiff's motion for reconsideration as an objection to the Magistrate Judge's nondispositive order under Federal Rule of Civil Procedure 72(a). This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R.Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citation omitted).

## III.   ANALYSIS

Plaintiff takes issue with the granting of Defendant's motion before it had the opportunity to respond as contemplated in Local Rule 7.2, which allows a party 21 days to file a response in opposition to a motion. The Court acknowledges this irregularity and proceeds to examine the merits of Plaintiff's arguments in its Motion for Reconsideration. (Doc. 35.) Nature's One cite two objections to the Magistrate Judge's order:  (1) Spring Hill's motion to amend was an effort to delay resolution of Nature's One's complaint; and (2) Spring Hill did not articulate sufficient reasons why it did not add the names of the Third Party Defendants by the Court's earlier January 29, 2016 deadline for motions to amend the pleadings. (*Id.* at 2.)

Defendant has not offered a reason for the Court to depart from the requirement of Rule 15(a) that leave to amend be "freely given" absent a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Absent prejudice, delay alone is not sufficient to deny leave to amend. *Dana Corp. v. Blue Cross &*

*Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 888 (6th Cir. 1990).  Here, Plaintiff offers no argument for prejudice except delay, nor does it suggest that Defendant/Third-Party Plaintiff has shown any bad faith in seeking leave to amend.  Moreover, the Court previously granted Plaintiff's request for an extension of the deadline to amend the pleadings by 30 days and concludes that an extension for Defendant/Third-Party Plaintiff is appropriate here as well. (Doc. 13.)  Plaintiff's Motion for Reconsideration is **DENIED**.

In the alternative, Plaintiff asks the Court to bifurcate the litigation between Defendant/Third-Party Plaintiff and Third-Party Defendants from the proceedings between Plaintiff and Defendant, citing prejudice to Plaintiff that would result from the delay related to the amended pleadings in the litigation with the newly named Third-Party Defendants.  (Doc. 35 at 2.)

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  The decision to bifurcate is within the Court's sound discretion.  *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).  The matter of bifurcation is to be determined with "a case-by-case approach" because the question is dependent on the facts of each case.  *In re Bendictin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).

Given the issues of law and fact common to the litigation between Plaintiff and Defendant and the litigation between Defendant/Third-Party Plaintiff and Third-Party Defendants, it is not in the interest of judicial efficiency to bifurcate the proceedings at this time. An efficient and just resolution of the case is best served by one discovery process on all the

claims, particularly since the amended pleadings have not caused significant delay in the case. The Motion to Bifurcate is **DENIED**.  Plaintiff is free to renew its motion before trial.

### IV.    CONCLUSION

The Court **DENIES** Plaintiff's Motion for Reconsideration and **DENIES** the Motion to Bifurcate.  (Doc. 35.)

**IT IS SO ORDERED.**

                                                      __s/ Algenon L. Marbley__
                                                      **ALGENON L. MARBLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

**DATED:  August 2, 2016**