IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATURE'S ONE, INC.,

    Plaintiff,

                            Case No. 2:15-cv-2820
                            Judge Algenon L. Marbley
    v.                         Magistrate Judge Elizabeth P. Deavers

SPRING HILL JERSEY CHEESE, INC.,

    Defendant.

**OPINION AND ORDER**

    This matter is before the Court for consideration of Plaintiff's Motion for Sanctions for Defendant's Failure to Appear at Deposition (ECF No. 56) and Counsel for Defendant/Third-Party Plaintiff Spring Hill's Motion to Withdraw (ECF No. 64).  For the reasons that follow, Defendant's Counsel's Motion to Withdraw is **GRANTED**, and Plaintiff's Motion for Sanctions is **DENIED WITHOUT PREJUDICE**.

**I.**

    After Plaintiff noticed the deposition of Defendant's corporate representative, the parties agreed that the deposition would take place on August 31, 2016, and September 1, 2016, in Petaluma, California.  Defendant also agreed to produce two individual employees for deposition at the same time and location without the need for service of a subpoena.  During deposition preparation on August 30, 2016, in California, Defense counsel learned of a conflict of interest that required withdrawal under the Ohio Rules of Professional Conduct.  Upon learning of the conflict, Defense counsel contacted Plaintiff's counsel and canceled the depositions.  Plaintiff's

counsel received this notice at 1:00 p.m. PDT and had already arrived in California for the next day's depositions. Defense Counsel apologized for the inconvenience, explained an emergency arose necessitating cancelation of the depositions, agreed to ensure that Plaintiff's counsel receive full reimbursement/compensation for time and expenses incurred, and requested a letter setting forth a breakdown of the fees and expenses incurred. Defense Counsel further agreed to reschedule the depositions and hold them in Cleveland, Ohio, to save Plaintiff the cost of traveling back to California.

On September 2, 2016, Plaintiff's counsel filed the subject Motion for Sanctions in which they seek an Order providing the following relief:

1. an award of its attorneys' fees and reasonable expenses incurred in traveling to and from Petaluma, California for the depositions;

2. an Order directing that Spring Hill and the individual deponents appear for deposition within 14 days at the Columbus, Ohio offices of Vorys, Sater, Seymour and Pease LLP at their expense;

3. an Order directing that no discovery against Nature's One shall be had until Spring Hill and the individual deponents comply with this Court Order;

4. an Order directing Spring Hill, Larry Peters and Paula Castro to appear in person before the Court and show cause for their failure to attend the depositions, and reserving additional sanctions in the event the Court finds that no good cause existed for the failure; and

5. an Order directing that any failure to comply with this Order will result in dismissal of Spring Hill's counterclaim and an entry of default as to Spring Hill on Nature's One's Amended Complaint.

(Pl.'s Mot. for Sanctions 9, ECF No. 56.)

On September 13, 2016, Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Sanctions (ECF No. 63), and Defense counsel contemporaneously filed a Motion to Withdraw (ECF No. 64) and its Motion to File a Verified Memorandum of Law in Support of its

Response in to Plaintiff's Motion for Sanctions and Motion to Withdraw Under Seal for *Ex Parte In Camera* Review (ECF No. 65).  The Court granted Defendant leave to file its Memorandum of Law in Support of its Response in to Plaintiff's Motion for Sanctions and Motion to Withdraw *ex parte* and in *camera*.  (ECF No. 66.)  Defendant filed that Memorandum *in camera* on September 15, 2016.  In these Memoranda, Defendant and its counsel detail the nature of the conflict of interest, the circumstances under which it was discovered, and the actions taken subsequent to its discovery.  Defense counsel seeks approval to withdraw as counsel, and Defendant represents that new counsel is already being arranged.   Defendant opposes Plaintiff's requested sanctions and asserts that Plaintiff's Motion fails to comply with the certification requirement set forth in Federal Rule of Civil Procedure 37.  According to Defendant, Plaintiff failed to attempt to confer in good faith to resolve the issues, and Plaintiff's Motion for Sanctions was the first communication from Plaintiff it received.  Defendant further represents that it remains willing to work with Plaintiff to reschedule the depositions and ensure that it is reimbursed for costs and fees it incurred as a result of the depositions being cancelled.

      In its Reply, Plaintiff acknowledges that it failed to include a certification, but asks the Court to excuse this deficiency.  Plaintiff asserts that it did confer with Defendant, but that the results of the conversation were inadequate and that further conferences would be futile because only a Court Order can make them whole.  (*See* Pl.'s Reply 1-2 (asserting that the relief Plaintiff's counsel offered is "not sufficient" because "[i]t contains no imprimatur of a court order imposing consequences for failing to abide by it, and it leaves [Plaintiff] hoping that [Defendant] will one day actually appear for deposition.".)

## II.

**A.    Defense Counsel's Motion to Withdraw**

The Court finds that in accordance with Southern District of Ohio Local Civil Rule 83.4(c)(2), defense counsel has asserted "good cause, as defined under the Rules of Professional Conduct, exists to permit the withdrawal." S.D. Ohio Civ. R. 83.4(c)(2). More specifically, Defense counsel has identified a conflict of interest requiring withdrawal. Accordingly, Defense Counsel's Motion to Withdraw is **GRANTED**. (ECF No. 64.)

It is well-settled that non-attorneys are not permitted to appear or maintain litigation on behalf of a corporation. *Rowland v. Cal. Men's Colony, Unit 11 Men's Adv. Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[A] corporation cannot appear in federal court except through an attorney."). Defendant therefore must retain a trial attorney. As discussed above, Defendant learned of the conflict on August 30, 2016, and represented in its September 13, 2016 Memorandum in Opposition that it is in the process of arranging for new counsel. The Court therefore concludes that it is reasonable to require Defendant to obtain new counsel within fourteen days and to re-schedule the depositions at issue within thirty days. Accordingly, Defendant is **ORDERED** to retain a trial attorney as provided for in Southern District of Ohio Civil Rule 83.4 **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER** and further **ORDERED** to re-schedule the depositions at issue **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**. Defendant is advised that failure to timely comply with this Court's Order to obtain new counsel will result in sanctions.

B.   **Plaintiff's Motion for Sanctions**

Federal Rule of Civil Procedure 37(d)(1) provides, in relevant part, as follows:

(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

(i)   a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition.

\*   \*   \*

(B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

Fed. R. Civ. P. 37(d)(1).

As even Plaintiff concedes, its Motion for Sanctions fails to include the requisite certification that it attempted in confer in good faith with Defendant regarding the issues arising from the cancelation of the depositions.  Moreover, the Court finds that the conversation that took place when Defendant informed Plaintiff that the depositions could not go forward, without additional discussion, does not reflect that the parties conferred in good faith in an effort to resolve the issues without court involvement.  Plaintiff's assertion that any such discussions would have been futile is belied by Defendant's offer to reimburse Plaintiff for any costs and fees incurred and to reschedule the depositions at a date and location most convenient for Plaintiff.  Because Plaintiff has failed to satisfy the certification requirement set forth in Rule 37(d)(1), its Motion for Sanctions is **DENIED WITHOUT PREJUDICE** to renewal should the parties remain at impasse after its counsel has conferred or made good-faith attempts to confer with Defendant's new trial counsel.

### III.

For the reasons set forth above, Counsel for Defendant/Third-Party Plaintiff Spring Hill's Motion to Withdraw (ECF No. 64) is **GRANTED**.  Defendant is **ORDERED** to retain a trial attorney as provided for in Southern District of Ohio Civil Rule 83.4 **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER** and further **ORDERED** to re-schedule the depositions at issue **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**.   In addition, Plaintiff's Motion for Sanctions is **DENIED WITHOUT PREJUDICE** to renewal should the parties remain at impasse as discussed above.

**IT IS SO ORDERED.**

Date:  September 26, 2016                                   *s/ Elizabeth A. Preston Deavers* _____
                                                                                ELIZABETH A. PRESTON DEAVERS
                                                                                UNITED STATES MAGISTRATE JUDGE